## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR SOLOMON, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-07-0545 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| KAREN HOGSTEN, | : | |
| | : | |
| Respondent. | : | |

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241, filed by petitioner Victor Solomon ("Solomon"), an inmate

currently incarcerated at the Federal Correctional Institution in Allenwood,

Pennsylvania ("FCI-Allenwood").  (Doc. 1.)  Solomon is challenging his federal

sentence in the United States District Court for the Southern District of New York.

For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

I.    **Statement of Facts**

In October 2001, Solomon pleaded guilty to one count of use and carrying of a

firearm during and in relation to a drug trafficking crime, see 18 U.S.C. §

924(c)(1)(A)(ii), in the United States District Court for the Southern District of New

York.  On February 6, 2002, Solomon was sentenced on that count to a term of

imprisonment of seven (7) years, followed by three (3) years of supervised release.

As a condition of his sentence, the district court ordered Solomon to "comply with

the directives of the Immigration and Naturalization servic (sic)[1] and the

Immigration laws." (Doc. 8-2 at 6.)

Solomon did not file a direct appeal. Further, Solomon has not filed any

petitions challenging his conviction or sentence pursuant to 28 U.S.C. § 2255. On

March 22, 2007, Solomon filed the instant petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241, challenging his guilty plea and sentence and claiming

that his counsel was ineffective in advising him that pleading guilty would not

subject him to any immigration consequences.[2] (See Doc. 1 at 6.) On April 25, 2007,

the court issued an order to show cause, directing respondent to reply to Solomon's

petition. (Doc. 7.) The matter is now ripe for disposition.

---

[1] This is a reference to the Immigration and Naturalization Service ("INS").
On April 23, 2007, the Department of Homeland Security changed the name of the
Bureau of Immigration and Customs Enforcement ("BICE") (formerly INS) to the
U.S. Immigration and Customs Enforcement ("ICE"). 72 Fed. Reg. 20131-02
(Apr. 23, 2007).

[2] In 1992, Solomon pleaded guilty in state and federal court to weapons
charges stemming from one incident of criminal possession of a firearm in New
York State. (Doc. 1 at 2.) He was sentenced to concurrent state and federal
sentences, which he fully served, and was released from custody. (Id.) In the
instant petition, Solomon makes no claim that his 1992 convictions were used to
enhance the length of his sentence for his 2001 conviction. Rather, Solomon claims
that his 1992 state and federal convictions, like his 2001 conviction, were based on
invalid guilty pleas.
    It is undisputed that Solomon is no longer serving his 1992 sentences and
was released from custody prior to his 2001 conviction on a separate offense.
Accordingly, this court does not have jurisdiction to entertain his challenge to the
1992 sentences pursuant to 28 U.S.C. § 2241. See Maleng v. Cook, 490 U.S. 488, 490-
91 (noting that a habeas petitioner must be "in custody" under the conviction or
sentence under attack at the time his petition is filed).

## II.   <u>Discussion</u>

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is a motion filed under 28 U.S.C. § 2255. <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997). <u>See</u> <u>also</u> <u>United States v. Miller</u>, 197 F.3d 644, 648 n.2 (3d Cir. 1999); <u>Snead v. Warden, F.C.I. Allenwood</u>, 110 F.Supp. 2d 350, 352 (M.D. Pa. 2000). The § 2255 motion must be filed in the district court where the defendant was convicted and sentenced. <u>See</u> 28 U.S.C. § 2255 ¶ 5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a § 2241 petition only when he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; <u>see</u> <u>also</u> <u>United States v. Brooks</u>, 230 F.3d 643, 647 (3d Cir. 2000). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002) (citing <u>Cradle v. United States</u>, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." <u>Cradle</u>, 290 F.3d at 538 (citing <u>Garris v. Lindsay</u>, 794 F.2d 722, 727 (D.C. Cir. 1986)). Hence, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." <u>Cradle</u>, 290 F.3d at 539. If a

3

petitioner improperly challenges a federal conviction or sentence under section

2241, the petition must be dismissed for lack of jurisdiction.  <u>Application of Galante</u>,

437 F.2d 1164, 1165 (3d Cir. 1971).

In the instant case, Solomon challenges the legality of his detention.

Specifically, he contends that the 2001 guilty plea, which included a waiver of his

right to appeal, is invalid because his counsel erroneously advised him that, as part

of his plea agreement, he would not be subjected to deportation as a result of the

conviction.  Despite this alleged assurance from counsel, he claims that in 2005 he

was informed by FCI-Allenwood staff that an I.N.S.[3] detainer had been lodged

against him.  (<u>See</u> Doc. 1 at 5.)  He also claims that he sought to reopen his

immigration proceedings based upon the alleged violation of his constitutional right

to due process and on the purported invalidity of his guilty plea.  Apparently, the

---

[3] <u>See</u> <u>supra</u> note 1, at 2.

immigration judge closed the case for lack of jurisdiction.[4]  Consequently, Solomon

contends that he has no other recourse; he cannot file a direct appeal or a motion

under 28 U.S.C. § 2255 because his time for filing these types of appeals has passed.

Clearly, Solomon has not demonstrated that the remedy under § 2255 would

be inadequate or ineffective to test the legality of his detention.  He did not file a

direct appeal or a § 2255 motion in the sentencing court.  Solomon's claim that he

could not have timely brought the instant claims under § 2255 because he was only

made aware of the deportation issue in 2005 is unavailing.  The mere fact that

Solomon's present circumstances preclude him from invoking the remedy available

to him under § 2255 does not demonstrate the inadequacy or inefficacy of the

remedy itself.  See Cradle, 290 F.3d at 538 ("It is the inefficacy of the remedy, not

the personal inability to use it, that is determinative.").  Further, as noted above,

------

[4] The record contains no supporting documentation on this procedure.
Nonetheless, that matter is not, and cannot proceed, before this court.  See Real ID
Act, 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of
appeals in accordance with this section shall be the sole and exclusive means for
judicial review of an order of removal entered or issued under any provision of this
Act, except as provided in subsection (e).").  Included in this limitation are habeas
corpus petitions under 28 U.S.C. § 2241.
     Furthermore, Solomon's deportation is a collateral consequence of his guilty
plea and conviction.  See People v. Ford, 86 N.Y.2d 397, 403 (N.Y. 1995)
("[d]eportation is a collateral consequence of conviction because it is a result
peculiar to the individual's personal circumstances and one not within the control
of the court system.").  Accordingly, the alleged failure to be warned of the
deportation consequence of his guilty plea does not afford a meritorious basis for
challenging Solomon's conviction.  See Taveras-Lopez v. Reno, 127 F. Supp 2d 598,
605 (M.D. Pa. 2000).

that a § 2255 motion may be time-barred is not a valid reason for pursuing relief

under section 2241.  Id. at 539.

Solomon argues that his remedy under section 2255 was inadequate and

ineffective because he was convicted in 2002 for conduct that is not a crime,[5] and, as

a result, this type of claim can be brought under section  2241.  This argument may

provide part of the justification for a section 2241 petition when a defendant is

subject to the gatekeeping requirements of section 2255 for a second or successive §

2255 motion, see Dorsainvil, 119 F.3d at 251, but that is not this instance.  Solomon

has never filed a § 2255 motion, nor has he sought permission to file a second or

successive § 2255 motion in the Southern District of New York.

In sum, Solomon has made no showing that § 2255 is inadequate or

ineffective to test the legality of his conviction and sentence.  Further, the remedy

afforded under § 2241 is not an additional, alternative, or supplemental remedy to

---

[5] Solomon relies on the United States Supreme Court's holding in Bailey v.
United States, 516 U.S. 137 (1995) in arguing that the gun-related conduct for which
he was convicted in 2002 was never a crime.  The Court in Bailey held that §
924(c)(1) requires evidence sufficient to show an active employment of the firearm
by the defendant, a use that makes the firearm an operative factor in relation to the
predicate offense.  Id. at 150.  Solomon's conviction occurred nearly six years after
the decision in Bailey.  Thus, it does not stand to reason that he can claim an
intervening change in substantive law based on Bailey has made him innocent of
the federal charges against him.  Moreover, Bailey did not change substantive law,
rather it merely clarified the standards and burden of proof under § 924(c)(1).  See
Dorsainvil, 119 F.3d at 247 (noting that Bailey did not establish a new rule of
constitutional law, but simply interpreted a substantive criminal statute).

that prescribed under § 2255.[6]  Consequently, the court will dismiss this § 2241

petition for lack of jurisdiction.  Of course, dismissal has no effect on Solomon's

right to file a § 2255 motion in the Southern District of New York.  As noted above,

there is no jurisdictional bar to such a motion.  That a § 2255 motion would likely be

untimely is clear; however, the statute of limitations is an affirmative defense that

must be raised by the government, see United States v. Bendolph, 409 F.3d 155, 164

(3d Cir. 2005), or by the court, if it decides to do so *sua sponte*.  Id. at 166.

    An appropriate order will issue.


                              S/ Christopher C. Conner
                          CHRISTOPHER C. CONNER
                          United States District Judge


Dated:      August 21, 2007

---

[6] To the extent that Solomon argues that he is entitled to relief under the writ
of *audita querela*, his argument is unpersuasive.  The writ of *audita querela* is not
available to Solomon, as his claims are cognizable under 28 U.S.C. § 2255.  See
United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001).  See also
United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (holding that section
2255 is not rendered "inadequate or ineffective," thereby enabling a prisoner to
resort to *audita querela*, by the mere fact that he cannot meet the stringent
standards for authorizing the filing of a second or successive § 2255 motion); United
States v. Banda, 1 F.3d 354, 356 (5 Cir. 1993) (stating that "the writ is not available
where, as here, the defendant may seek redress under § 2255); United States v.
Ayala, 894 F.2d 425, 430 (D.C. Cir. 1990) (concluding that, because the appellant's
claims were "clearly cognizable in a section 2255 proceeding[,]" his "only proper
remedy [was] a motion under section 2255").

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VICTOR SOLOMON,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-07-0545** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **KAREN HOGSTEN**, | : | |
| | : | |
| **Respondent.** | : | |

## <u>ORDER</u>

AND NOW, this 21st day of August, 2007, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to CLOSE this case.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge